**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Humberto ALVAREZ–MACHAIN,
Defendant–Appellee.**

No. 90–50459.

United States Court of Appeals,
Ninth Circuit.

Argued April 4, 1991.

Submission Deferred April 8, 1991.

Resubmitted July 22, 1991.

Decided Oct. 18, 1991.

Andrew G. McBride, Asst. Deputy Atty. Gen., Washington, D.C., for plaintiff-appellant.

Paul L. Hoffman, ACLU Foundation of Southern California, Robert K. Steinberg,

Law Offices of Robert K. Steinberg, Los Angeles, Cal., for defendant-appellee.

Charles L. Hobson, Crim. Justice Legal Foundation, Sacramento, Cal., Ellen L. Lutz, American Watch, Los Angeles, Cal., John P. Mandler, Minnesota Lawyers Intern. Human Rights Committee, Minneapolis, Minn., David Westin, Wilmer, Cutler & Pickering, Washington, D.C., Ruth Wedgwood, Lawyers Committee for Human Rights, New Haven, Conn., for amicus.

Before GOODWIN and SCHROEDER, Circuit Judges, and KING,[*] District Judge.

PER CURIAM:

The Government appeals the district court's judgment of dismissal. We affirm. *See United States v. Verdugo Urquidez,* 939 F.2d 1341 (9th Cir.1991).

*Verdugo* held that the forcible abduction of a Mexican national from Mexico by agents of the United States without the consent or acquiescence of the Mexican government violates the 1980 Extradition Treaty between the United States and Mexico. 939 F.2d at 1351–52. *Verdugo* further held .that the protest of the Mexican government in letters to the district court that Verdugo's abduction violated the 1980 treaty provided standing for Verdugo to assert rights under the Treaty in United States courts. 939 F.2d at 1356. Finally, *Verdugo* held that the proper remedy for such a violation of the 1980 Extradition Treaty is repatriation of the Mexican nationals seized by United States agents. 939 F.2d at 1359.

These holdings apply *a fortiori* to the facts of this case. After a full evidentiary hearing in the district court, the court found that Alvarez–Machain is a Mexican national who was forcibly seized from his medical office in Guadalajara, Mexico. The court found that appellee's abductors were

---

[*] Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

the paid agents of the U.S. Drug Enforcement Agency ("DEA") and that the abduction was accomplished at the behest of the DEA. *United States v. Caro–Quintero,* 745 F.Supp. 599, 609 (C.D.Cal.1990). These findings have not been disputed by the Government in this appeal.

In *Verdugo,* the court remanded the case to the district court for an evidentiary hearing on this and other issues. 939 F.2d at 1359. In this case, the requisite findings of United States involvement in the abduction have already been made.

An additional distinction between this case and the *Verdugo* case is that in this case the Mexican government has made several specific formal diplomatic protests to the United States government. The Government of Mexico has stated unequivocally that the abduction of Dr. Alvarez–Machain by United States agents violated the 1980 Extradition Treaty and general principles of international law and has at all times demanded his immediate repatriation to Mexico. Moreover, the Mexican government has stated its position on these issues unequivocally to the court in this case.

The Government of Mexico continues to insist that appellee's forcible abduction from Mexico by DEA agents violated the 1980 Treaty and that he must be returned. Thus, there remains no question about the adequacy of Mexico's protests in this case or about Mexico's demand for repatriation. For this reason, the facts of this case would also satisfy the concerns set forth in Judge Browning's separate opinion in *Verdugo.* 939 F.2d at 1363, 1364–65.

The *Verdugo* case requires the dismissal of the indictment and the repatriation of the appellee.

AFFIRMED.