**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Humberto ALVAREZ–MACHAIN, Defendant–Appellee.**

**No. 90–50459.**

United States Court of Appeals, Ninth Circuit.

July 27, 1992.

As Amended Nov. 3, 1992.

---

Before: GOODWIN and SCHROEDER, Circuit Judges, and KING,* District Judge.

### ORDER

This case is before us on remand from the United States Supreme Court. *United States v. Alvarez–Machain,* — U.S. —, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992). Appellee Humberto Alvarez–Machain has moved for permission to file a supplemental brief and for oral argument on issues not addressed in this court's original opinion. *United States v. Alvarez–Machain,* 946 F.2d 1466 (9th Cir.1991).

The principal such issue is whether customary international law alone, absent reliance on a formal treaty, may justify the district court's order that Alvarez–Machain be repatriated to Mexico. We have carefully reviewed the Supreme Court's opinion

and the district court's findings. If the Supreme Court's opinion does not preclude us from applying general principles of international law in support of the district court's repatriation order, then the district court's findings and conclusions do preclude that result. To the extent that customary international law may arguably provide a basis for an exception to the *Ker–Frisbie* Doctrine, the exception has been recognized only in a situation in which the government's conduct was outrageous. *See United States v. Reed,* 639 F.2d 896, 901 (2d Cir.1981); *United States v. Toscanino,* 500 F.2d 267 (2d Cir.1974). The district court found that situation did not occur here.

Alvarez–Machain's main alternative argument is that the circumstances of his kidnapping were so shocking that the abduction constituted a denial of due process. This contention similarly is not supported by the district court's findings. *Cf. United States ex rel. Lujan v. Gengler,* 510 F.2d 62, 65–66 (2d Cir.), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

Neither do we see any basis, in light of the Supreme Court's opinion, to believe the district court could order this prosecution dismissed in an exercise of supervisory power independent of international law and due process principles.

Alvarez–Machain's "Application for Leave to File Reply Memorandum," filed July 16, 1992, is granted and the reply is ordered filed.

Alvarez–Machain's motion is DENIED. The order of the district court dismissing the prosecution is REVERSED and the case is REMANDED for reinstitution of prosecution against Alvarez–Machain.

The mandate shall issue forthwith.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.